FILED
2015 Apr-28  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) |
| Plaintiff-Counterclaim Defendant, | ) ) |
| vs. | ) ) Case No. 2:14-cv-2129-TMP |
| NORMAN D. ANCHRUM, JR., and ANDREA ANCHRUM, | ) ) ) |
| Defendants-Counterclaimants, | ) ) |
| vs. | ) ) |
| WELLS FARGO BANK NATIONAL ASSOCIATION; UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY; UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA, | ) ) ) ) ) ) ) |
| Counterclaim Defendants. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On April 10, 2015, the undersigned magistrate judge filed a report and recommendation making certain recommendations regarding motions to dismiss filed by counterclaim defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Wells Fargo Bank National Association ("Wells Fargo"), and United Guaranty Residential Insurance Company and United Guaranty Residential Insurance Company of North Carolina (collectively "UGC"). The undersigned recommended that the motions filed by Freddie Mac, Wells Fargo, and UGC be granted and that Counts Three and Five of the defendants' counterclaim be dismissed. It was

further recommended that Count Seven of the counterclaim be dismissed as to Wells Fargo and dismissed as moot as to Freddie Mac and UGC.

Counterclaim defendant UGC filed its limited objections to the report and recommendation on April 15, 2015, asserting that the court failed to recognize that the motion on behalf of UGC moved for dismissal of all counts of the counterclaim, not just Counts Three, Five, and Seven, as was true of the motion filed for Freddie Mac and Wells Fargo. UGC contends that it is entitled to dismissal of the entire counterclaim as it fails to allege any potentially wrongful conduct by UGC. Having now more carefully reviewed UGC's motion, the court finds that contention to be correct, and hereby recommends granting UGC's motion to dismiss the entire counterclaim against it.

Because the undersigned's earlier report and recommendation recommended the dismissal of Counts Three, Five, and Seven as pleaded against UGC, the court will now consider only the potential claims pleaded in Counts One, Two, Four, and Six, the remaining counts pleaded in the counterclaim. The legal standards for assessing the sufficiency of factual pleadings remain the same as previously explicated in the earlier report and recommendation. Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544-70, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the party filing a pleading that seeks relief must allege *facts*, not legal conclusions masquerading as facts, which are sufficient to show a plausible claim for relief. The factual allegations must nudge the claim beyond the level of the possible, to the level of the plausible. As the Court articulated in Iqbal:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

> of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127, S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusion can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 667-84, 129 S. Ct. at 1949-52. The Eleventh Circuit Court of Appeals has applied Iqbal, noting that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Speaker v. Dept. of Health and Human Services, 623 F.3d 1371, 1380 (11th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Applying these standards to UGC's motion to dismiss the defendants' counterclaim, it is apparent that the counterclaim does not allege a cause of action against UGC. Count One of the counterclaim alleges a breach of contract arising from the foreclosure of the promissory note and mortgage by which the defendants financed the purchase of their home. While the note and mortgage required the defendants, as a condition of the financing, to purchase private mortgage

3

insurance from UGC covering 25% of the mortgage balance, there is no allegation that UGC was a party to the note and mortgage. Because UGC was not a party or signatory to either the note or mortgage, it could not be liable for a breach of any contractual obligations created by those documents. Count One is due to be dismissed as to UGC.

Count Two of the counterclaim alleges wrongful foreclosure by Well Fargo; it alleges nothing with respect to UGC. Indeed, because UGC was not the holder of the mortgage (by counterclaimants' own allegations, UGC was a private mortgage insurer, not the mortgagee), it had no power or role in any foreclosure of the mortgage. Counterclaimants admit as much by naming only Wells Fargo and Freddie Mac as defendants in Count Two. Count Two is due to be dismissed as to UGC.

Count Four of the counterclaim alleges slander of title. Although there is a reference to the general "Counterclaim Defendants" in the count, it is clear that the gravamen of the count is the allegation that Wells Fargo wrongfully foreclosed on the counterclaimants' home and provided a foreclosure deed to Freddie Mac, which deed cast a shadow on their title to the home. Again, there is no factual allegation that UGC had any role in the foreclosure or the conveyance or recording of the foreclosure deed. Count Four is due to be dismissed as to UGC.

Finally, Count Six of the counterclaim alleges a claim for declaratory judgment, but it makes no allegations against UGC. While the counterclaimants allege the existence of a genuine controversy between them and Wells Fargo and Freddie Mac "by virtue of the Mortgage," (Counterclaim, ¶ 66, doc. 1-3, p. 13), there is no allegation that UGC has any rights or duties under the mortgage. Its rights and duties arise from its own insurance contract to provide private-mortgage insurance coverage against the possibility of a default in payment of the

promissory note. Thus, there is no controversy alleged in Count Seven to support declaratory relief against UGC. Count Seven is due to be dismissed as to UGC.

## RECOMMENDATION

Based on the foregoing considers, the magistrate judge hereby SUPPLEMENTS the previous report and recommendation to RECOMMEND that the motion to dismiss filed by United Guaranty Residential Insurance Company and United Guaranty Residential Insurance Company of North Carolina be GRANTED and that all claims asserted against them in the counterclaim be DISMISSED WITH PREJUDICE.

## Notice of Right to Object

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B 1982) (*en banc*), *overruled by* Douglass v. United Service Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute* Federal Magistrates Act, Pub.L. No. 111—16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009); *see* Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the

portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the defendants/counterclaimants.

DONE this 28th day of April, 2015.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE