IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:14-CV-02129-TMP ) |
| **NORMAN D. ANCHRUM JR. and ANDREA ANCHRUM,** | ) ) ) |
| Defendants/Counterclaim Plaintiffs, | ) ) ) ) ) |
| **WELLS FARGO BANK, NA,** *et al.* | ) ) |
| Counterclaim Defendants. | ) |

ANCHRUM'S MEMORANDUM OF LAW

IN OPPOSITION TO FEDERAL HOME LOAN

MORTGAGE CORPORATION'S AND WELLS

FARGO BANK, NA.'S MOTION FOR

<u>SUMMARY JUDGMENT</u>

1

# **TABLE OF CONTENTS**

INTRODUCTION …………………………………………………………….. 3

SUMMARY JUDGMENT STANDARD ……………………………………….. 4

RELEVANT FACTS ……………………………………………………………..7

ARGUMENT …………………………………………………………………..9

CONCLUSION…………………………………………………………….11

CERTIFICATE OF SERVICE…………………………………………….12

# I. INTRODUCTION

On September 3, 2003, Norman and Andrea Anchrum purchased a home located at 552 North Grande View Trail in Alabaster, Alabama for $ 321,885.00. Anchrum made a down payment of $ 24,588.75 and financed the balance of $ 305,790.00 with a conventional loan from Wells Fargo Home Mortgage with private mortgage insurance coverage of 25% of the mortgage balance. Said private mortgage insurance policy was issued by United Guaranty Residential Insurance Company. Mr. Anchrum executed a promissory note in favor of Wells Fargo which secured the Alabaster property. The mortgage was serviced by Wells Fargo Home Mortgage and Wells Fargo.

Norman and Andrea Anchrum fell behind in their mortgage payment. Norman Anchrum contacted Wells Fargo for assistance with a loan modification. On August 14, 2011, Wells Fargo Home Mortgage mailed a notice of default to Anchrum. The letter was addressed to Norman Anchrum at 552 N Grande View TRL, Maylene, Alabama 35114-6051. (See Declaration of Kimberly Mueggenberg, attached as **(Doc. 52-2)** Exhibit 1, at Page 3, Paragraph 9 and Exhibit F at **(Doc. 52-3),** page 44. Anchrum did not receive the August 14, 2011 default letter. (See Deposition of Norman Anchrum, page 44, lines 15-18) **(Doc. 52-5)** Exhibit 3, Page 11 of 110. Anchrum received a

copy of the letter for the first time during the discovery process in Anchrum's Chapter 13 Bankruptcy and adversary proceeding case. The case numbers were 12-03049 and 12-00128, respectively.

Although Wells Fargo had in their possession a BPO/Appraisal Value in the amount of $ 288,000.00 with an unpaid principal balance of $ 267,935.75, Wells Fargo requested that the auctioneer open the bidding at $ 208,901.41. **(See, Anchrum's Exhibit "AA").** During the Plaintiffs' bankruptcy case, Federal Home Loan Mortgage Corporation filed a Motion for Relief from Automatic Stay where Federal Home Loan Mortgage Corporation stated that the value of the property was $ 129,000 based on the Tax Assessor's records. **(See, Anchrum's Exhibit "BB").**

## II.     SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56 (c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, that the moving party support its motion with affidavits or other similar materials negating the opponents' claims. Id. at 323.

Once the moving party has met his burden, Rule 56 requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate facts showing that there is a genuine issue for trial. Id. at 324 (quoting former Fed. R. Civ. P. 56 (e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

After the plaintiff has properly responded to a proper motion for summary

5

judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248. [T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Id. at 249. His guide is the same standard necessary to direct a verdict: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must view the evidence presented through the prism of the substantive evidentiary burden, so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer

Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. RELEVANT FACTS

1. Wells Fargo's Collections/Customer Service Loan Activity Archive report shows that on March 30, 2005 and May 13, 2005, Wells Fargo received Return Mail Statement. On May 13, 2005, Wells Fargo changed the city and zip code for Anchrum's address. (Doc. 52-3, Page 1 of 107). **(See, Anchrum's Exhibit "CC").**

2. Norman Anchrum did not provide the new address to Wells Fargo in writing. Norman Anchrum did not provide the new address to Wells Fargo orally.

3. Norman Anchrum did not receive the April 17, 2011 letter which was mailed to Maylene, Alabama. The April 17, 2011 letter stated that the amount needed to cure the default was **$4,697.02.** (See Declaration of Kimberly

7

Mueggenberg, Exhibit 1, Ex " C ") at (Doc. 52-3), Page 39 of 107. **(See, Anchrum's Exhibit "DD").**

4. On May 4, 2011, Wells Fargo credited Norman Anchrum's mortgage with a check from Mr. Anchrum in the amount of **$ 4,680.41.** (See Declaration of Kimberly Mueggenberg, Exhibit 1, Ex " C ") at (Doc. 52-3), Page 11 of 107. (See, **Anchrum's Exhibit "EE").**

5. Norman Anchrum did not receive Wells Fargo's August 14, 2011 letter. (Doc. 52-5, Page 44, lines 15-18). **(See, Anchrum's Exhibit "FF").**

6. Freddie Mac filed a Motion for Relief from the Automatic Stay in Anchrum's case and listed the value of the property at $ 129,300 based on the Tax Assessor's records. **(See, Anchrum's Exhibit "GG" ).**

7. Wells Fargo and Freddie Mac are estopped from contending that they have a valid title to the property. Berry v. Deutsche Bank National Trust Co., 57 So.3d 142, 145 (Ala. Civ. App. 2010).

8. Wells Fargo failed to give notice of the time and place of the foreclosure sale because a proper default letter is a condition precedent to a notice of intent to accelerate letter. Both letters were void due to the procedural and substantive failure to comply with the note and mortgage by servicer, Wells Fargo. The default letter and the acceleration letter were not mailed to the property address

even though; Anchrum had not changed his address. Norman Anchrum testified through deposition testimony that he **did not** receive Wells Fargo's April 17, 2011, August 14, 2011, or the October 27, 2011 letters.

### IV. ARGUMENT

Freddie Mac and Wells Fargo are not entitled to a judgment as a matter of law because Freddie Mac and its servicer, Wells Fargo cannot show that Wells Fargo complied with the promissory note at Paragraphs 6 and 7. <u>Jackson v. Wells Fargo Bank, N.A,</u> 90 So.3d 168 (Ala. 2012). Having failed to satisfy the condition precedent, (proper default letter), Freddie Mac and Wells Fargo cannot show that they complied with Paragraphs 15 and 22 of the mortgage. Wells Fargo cannot show that Anchrum changed his address pursuant to the terms of the mortgage at Paragraph 15. Paragraph 15 of the mortgage, in part, states, "**The notice address shall be the property address unless Borrower has designated a substitute notice address by notice to Lender.**" (emphasis added). Norman Anchrum never provided any written notice to the servicer, Wells Fargo requesting that Wells Fargo substitute a different address for the address of the property which is 552 North Grande View Trail, Alabaster, Alabama 35007. The material facts in this case are the terms of the mortgage and note together with proof of compliance of all terms in

the promissory note and mortgage by Wells Fargo prior to foreclosure.

Alabama case law clearly states that two notices are required for mortgage foreclosures. Sharpe v. Wells Fargo Home Mortg. (In re: Sharpe), 425 B.R. 620, 643 (Banker. N.D. Ala. 2010). The Sharpe case rendered the foreclosure void based on the mortgage, promissory note, Alabama statute, controlling state and federal law. Under the language of the mortgage and note, without proper notice of intent to accelerate, acceleration fails, and consequently, so does the foreclosure sale. Sharpe

The first notice must be a notice of default mailed to the property address. The first notice must also include the following: (1) specify the default; (2) specify the action required to cure the default; (3) specify a date, not less than 30 days from the date the notice is given by which the default must be cured; (4) advise that the failure to cure the default on or before the date specified in the notice may result in acceleration of the debt and sale of the property; and (5) inform of the right to reinstate after acceleration and sale.

One, the notice of default is defective in that the notice was not mailed to the property address. Two, the notice is defective in that it states, "we will proceed with acceleration". Thirdly, the notice of default **did not** inform Anchrum that they had a right to reinstate after acceleration and sale. Fourthly, Anchrum did not receive thirty (30) days to cure the default.

The second notice is the acceleration letter. If the notice of default letter is defective or improper, the acceleration letter is also improper. The evidence is clear that Wells Fargo did not provide the required default letter.

The evidence is clear as found in Anchrum's chapter 13 case by Bankruptcy Judge Benjamin Cohen that Wells Fargo failed to comply with Paragraph 22 of the mortgage. The parties and the lawyers are the same that previously litigated this matter in Anchrum's adversary proceeding and underlying chapter 13 case. The case of Sharpe indicates that two notices are required. Namely, a **proper** notice of default is required by the note at section 7 is a prerequisite for filing the second notice, which is the acceleration letter.

## V. CONCLUSION

The evidence presented by Norman and Andrea Anchrum show that Federal Home Loan Mortgage Corporation, and Wells Fargo that the servicer, Wells Fargo and its agent, Sirote & Permutt failed to comply with Paragraphs 6 and 7 of the promissory note and Paragraphs 15 and 22 of the mortgage. Based on the evidence, which includes, but is not limited to, the mortgage, the note, and deposition testimony of Norman Anchrum, Federal Home Loan Mortgage Corporation and Wells Fargo Bank,

NA are not entitled to a judgment as a matter of law and there are several genuine issues of material facts, which precludes summary judgment in favor of the movant.

Respectfully submitted,

/s/ Jerome Tucker
JEROME TUCKER
2015 1st Avenue North
Third Floor
Birmingham, AL 35203
(205) 328-0055
jerometucker@msn.com

## VI. CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2016, the foregoing was served upon the Clerk and counsel for Wells Fargo using the CM/ECF electronic filing system addressed as follows:

Catherine C. Long, Esq.
420 20th Street North
Wells Fargo Tower Suite 1400
Birmingham, AL 35203

/s/ Jerome Tucker
JEROME TUCKER