FILED
2017 Oct-24 AM 11:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** ) ) ) **Plaintiff,** ) **v.** ) ) **NORMAN D. ANCHRUM JR.** and ) **ANDREA ANCHRUM,** ) ) **Defendants/Counterclaim Plaintiffs,** ) ) **WELLS FARGO BANK, NA,** *et al.*, ) ) **Counterclaim Defendants.** ) | Civil Action Number **2:14-cv-02129-AKK** |

## ORDER

The magistrate judge filed a report on August 11, 2017, recommending that the court grant Federal Home Mortgage Loan Corporation ("Freddie Mac") and Wells Fargo Bank, NA's ("Wells Fargo") motion for summary judgment, doc. 52, enter a writ of ejectment against Defendants Norman and Andrea Anchrum, dismiss the Defendants' counterclaims with prejudice, and set a trial date to determine the damages Freddie Mac is entitled to recover. Doc. 62. The Defendants object to the magistrate judge's recommendation. Doc. 63.

Specifically, the Defendants object that 1) the magistrate judge failed to address their slander of title counterclaim, 2) that the magistrate judge misstated

1

the ad valorem tax assessed value of their property in a footnote, 3) that Wells Fargo did not comply with the notice provision of the mortgage, and 4) in a previous action in bankruptcy court, the bankruptcy court stated that the Defendants had provided enough evidence to move forward on their breach of contract claim. *Id.* The court addresses each objection in turn.

**1. Slander of Title**

The Defendants' slander of title counterclaim is unavailing. Under Alabama law, the elements of a slander of title claim are

> (1) Ownership of the property by plaintiff; (2) falsity of the words published; (3) malice of defendant in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff's property or the title thereof; and (6) that special damages were the proximate result of such publication (setting them out in detail).

*Merchants Nat'l Bank of Mobile v. Steiner*, 404 So. 2d 14, 21 (Ala. 1981). "[I]f the defendant had probable cause for believing the statement, there can in law be no malice[.]" *Id.* Freddie Mac and Wells Fargo contend that the Defendants cannot prove malice or special damages. Doc. 52-1 at 18-21. Specifically, Freddie Mac and Wells Fargo contend that because Freddie Mac, rather than Wells Fargo, recorded the foreclosure deed, the Defendants "cannot prove that Wells Fargo completed a publication in disparagement of the title to the Property" after the foreclosure sale. *Id.* at 19-20. As to Freddie Mac, the movants claim that the Defendants "cannot establish that Freddie Mac acted with malice in recording the

foreclosure deed and they have no evidence of special damages." *Id.* at 20. The Defendants did not dispute this and did not even address their slander of title claim in their opposition to the motion for summary judgment. *See generally* doc. 60. Accordingly, the Defendants have waived this argument, and their slander of title counterclaim is due to be dismissed. *See, e.g.*, *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (issue not briefed deemed abandoned).

### 2. The Assessed Value of the Property

The Defendants next contend that the magistrate judge erred in dismissing their wrongful foreclosure claim because he stated the wrong amount for the ad valorem assessed tax value of their property in deciding that the sales price at the foreclosure sale was not unconscionably low. Doc. 63 at 2. However, the magistrate judge held both that the Defendants had abandoned their contention that the price was unconscionably low and that, even if they had not, the sales price did not shock the conscience. Doc. 62 at 33 n.16. Thus, even if the magistrate judge did misstate the property's value, the wrongful foreclosure claim is still due to be dismissed.

### 3. Compliance with the Notice Provision

The Defendants next argue that the magistrate judge erred in dismissing their breach of contract claim. Doc. 63 at 2-3. Wells Fargo mailed notices to Norman Anchrum at two addresses: the Alabaster address, which was listed on the

3

mortgage, and the Maylene address, which Norman Anchrum stated was his mailing address on a phone call with Wells Fargo. Doc. 62 at 29. The Defendants contend that this was improper for two reasons. First, they assert that Norman Anchrum only notified Wells Fargo of the Maylene address verbally, not in writing, and that Wells Fargo thus violated the notice clause by mailing notices to both addresses. Doc. 63 at 3. This argument is unavailing. The notice clause provides that "[t]he notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to lender." Doc. 10-1 at 13. There is no requirement that this designation be made in writing. Thus, Norman Anchrum's verbal designation of the Maylene address was sufficient.

Second, the Defendants contend that sending notice to both addresses violated the notice clause's provision that "[t]here may only be one designated notice address under this Security Instrument at any one time," *id*. Doc. 63 at 3. This argument is also unavailing. While the Maylene address may have been the Defendants' notice address, Wells Fargo's act of mailing notices to both of the Defendants' addresses does not bring it into noncompliance with the notice clause. Accordingly, the Defendants' breach of contract counterclaim is due to be dismissed.

### 4. The Bankruptcy Court's Ruling

The court turns next to the Defendants' contention that, because the bankruptcy court did not dismiss their breach of contract claim, the court should not grant summary judgment as to this claim. The court disagrees. To survive a motion for dismissal, a claim need only state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). Conversely, to survive a motion for summary judgment, a party must meet the more stringent burden of producing evidence "showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting former Fed. R. Civ. P. 56(e)), and cannot "merely rest on [their] pleadings," *id.* at 324, even if those pleadings survived a motion to dismiss. Accordingly, the Defendants breach of contract counterclaim is due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Freddie Mac and Wells Fargo's motion for summary judgment, doc. 52, is **GRANTED**. The Defendants' counterclaim is **DISMISSED WITH PREJUDICE**. An order of ejectment is **ENTERED** against the Defendants to deliver peaceable possession of the real property at 552 North Grand View Trail, Alabaster (Maylene), Alabama, to Federal Home Loan Mortgage Corporation. This case is **SET** for a non-jury trial

on November 20, 2017 at 10 a.m. in courtroom 4A of the Hugo Black United States Courthouse to determine the damages Freddie Mac is entitled to recover.

**DONE** the 24th day of October, 2017.

                                              **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE